# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-37217 |
| | ) | |
| CARE CENTERS, INC., | ) | Chapter 7 |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | Hearing Date: August 18, 2015 |
| | ) | Hearing Time: 10:00 a.m. |

**COVER SHEET FOR FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF <u>FIGLIULO & SILVERMAN, P.C., SPECIAL COUNSEL</u>**

**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Eugene Crane, not individually but as Chapter 7 Trustee for the Estate of Care Centers, Inc. |
| Date of Order Authorizing Employment: | October 12, 2010 [Dkt. 137] |
| Period of Which Compensation is Sought: | July 11, 2012 through April 15, 2015 (allowance and payment) |
| Amount of Fees Sought: | $30,000.00 |
| Amount of Expenses Sought: | $96.67 |

This is a(n):   Interim Application: _____   Final Application:   X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| **Date Filed** | **Period Covered** | **Total Requested (Fees & Expenses)** | **Total Allowed (Fees & Expenses)** | **Fees & Expenses Previously Paid** |
|---|---|---|---|---|
| 7/13/2012 | 10/12/2010-7/10/2012 | $270,065.65 | $270,065.65 | $270,065.65 |

                                              Respectfully submitted,

Dated: July 16, 2015                    **FIGLIULO & SILVERMAN, P.C.**

                                              By: /s/ Michael K. Desmond

                                              Peter A. Silverman (IL # 6196081)
                                              Michael K. Desmond (IL #6208809)
                                              William G. Cross (IL #6299574)
                                              FIGLIULO & SILVERMAN, P.C.
                                              Ten South LaSalle Street
                                              Suite 3600
                                              Chicago, Illinois 60603
                                              (312) 251-4600

                                              *Special Counsel for Eugene Crane, Chapter 7*
                                              *Trustee for the Estate of Care Centers, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-37217 |
| | ) | |
| CARE CENTERS, INC., | ) | Chapter 7 |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | Hearing Date: August 18, 2015 |
| | | Hearing Time: 10:00 a.m. |

**FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
<u>FIGLIULO & SILVERMAN, P.C., SPECIAL COUNSEL</u>**

Peter A. Silverman, Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), special counsel to Eugene Crane, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Care Centers, Inc. (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying a final award of compensation and reimbursement of expenses in the above-captioned case (the "Final Application").

In its Final Application, F&S requests: (i) the allowance and payment of final compensation in the amount of $30,000.00 for contingency-fee based legal services rendered to the Trustee for the period from July 11, 2012 through and including April 15, 2015 the "Final Application Period"); (ii) reimbursement of expenses of $96.67 incurred in connection with those services during the Final Application Period; and (iii) final approval of all compensation previously awarded to F&S. In support of its Final Application, F&S states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On October 6, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. Eugene Crane is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy estate.

## BACKGROUND

6. On or about September 21, 2010, Peter A. Silverman, Michael K. Desmond and the attorneys and staff of F&S were retained to represent the Trustee in connection with the investigation and recovery of potential fraudulent transfers, preferences, accounts receivables, and other causes of action relating to the events that resulted in the transfer of substantially all of the Debtor's assets prior to the Petition Date. A true and correct copy of the engagement letter confirming the retention of F&S is attached hereto as **Exhibit A**.

7. The attorneys at F&S are well-qualified to represent the Trustee as special counsel. Peter A. Silverman, Michael K. Desmond and the other partners and associates of F&S are duly authorized to practice law before this Court and have vast experience in bankruptcy and commercial litigation.

8. On October 5, 2010, the Trustee filed a motion with this Court seeking to retain F&S as special counsel to represent the Trustee in this bankruptcy case.

9. On October 12, 2010, the Court entered the *Order Authorizing Employment of Special Counsel* [Dkt. No. 137], on the terms and conditions set forth in the motion and engagement letter attached thereto. A true and correct copy of the Court's October 12, 2010 order is attached hereto as **Exhibit B**.

10. Pursuant to the terms of the engagement letter, F&S is entitled to payment of its legal fees based on the gross amount of recovery, according to a contingent-fee schedule:

| Recovery Amount | Contingent Fee |
| --- | --- |
| $0 - $1.0M | 25.0% |
| Over $1.0M - $1.5M | 33.3% |

11. Additionally, pursuant to the terms of the engagement letter, F&S is entitled to recover all costs incurred in connection with investigating and pursuing claims on behalf of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate or out of any recovery, subject to approval of this Court.

## LEGAL SERVICES PERFORMED BY F&S

12. Upon its retention, F&S undertook an investigation into the events resulting in the transfer of substantially all of the Debtor's assets prior to the Petition Date. F&S identified numerous causes of action against the Debtor's former insiders including but not limited to claims for breach of fiduciary duties, fraudulent transfer pursuant to 740 ILCS 160/5 and 11 U.S.C. § 548, alter ego/successor liability, conversion, unjust enrichment, and improper

3

corporate distributions pursuant to 805 ILCS 5/9.10. The Debtor's former insiders denied the validity of such claims and causes of action. Notwithstanding, the parties initiated settlement discussions and on December 20, 2011, the Honorable Judge John H. Squires presided over the settlement conference among the parties wherein the parties reached a consensual settlement. On May 30, 2012, this Court entered an order approving the settlement reached by the parties. [Dkt. No. 188].

13. Pursuant to the terms of the settlement, the Trustee has recovered a total of $3,942,730.88 on behalf of the bankruptcy estate, resulting in full payment to all creditors of the allowed amount of their claims, including all personal injury claimants.

14. Based on the contingent-fee schedule outlined in the engagement letter, F&S is entitled to a contingent fee of at least $415,000.00. However, pursuant to the terms of the settlement, F&S agreed with the Trustee to cap its total attorney's fees at $300,000.00.

15. During the First Application period, F&S spent a total of 265.47 hours rendering legal services to the Trustee. During this Final Application period F&S has spent an additional 81.5 hours rendering legal services to the Trustee in this bankruptcy case, which excludes any time incurred in connection with preparing this application.

16. On August 7, 2012, this Court entered an order allowing interim compensation of $270,000.00 and reimbursement of expenses to F&S in the amount of $65.65. [Dkt. No. 222]. By this Final Application F&S is seeking the remaining $30,000.00 in attorney's fees as well as reimbursement of additional expenses in the amount of $96.67. In addition, F&S seeks final approval of all compensation previously awarded to F&S.

17. Based on the amounts recovered on behalf of the estate and the fact that all creditors, including all personal injury claimants, have received 100% of the allowed amount of

4

their claims pursuant to settlement agreement, F&S submits that the fees sought in this Final Application are fair and reasonable.

18. Because the fees sought by F&S in connection with this Final Application are based on a contingency-fee agreement with the Trustee, F&S has not included in this Final Application a Narrative Summary or Detailed Statement of Services under Local Rule 5082-1(B) and (C). However, such detailed information can be made available upon this Court's request.

19. In addition, in this Final Application, F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $96.67. Pursuant to Local Rule 5082-1(B)(1)(g), a breakdown of expenses is included on the schedule attached hereto as **Exhibit C**. The only expenses incurred by F&S relate to recording fees incurred in connection with the settlement and postage and delivery charges that were incurred in connection with the service of pleadings.

20. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the representation of the Trustee in this case. None of the expenses represents general overhead or other expenses unrelated to this case.

21. Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks: (a) the allowance and payment of interim compensation of $30,000.00 for the balance of contingency-fees earned in connection with the legal services rendered to the Trustee; and (ii) reimbursement of expenses of $96.67 incurred in connection with those services during the Final Application Period. In addition, F&S seeks final approval of all compensation previously awarded to F&S.

22. The amounts recovered for the estate by F&S will be used to pay allowed compensation and reimbursement of expenses to F&S for the Final Application Period.

5

**BASIS FOR RELIEF**

23. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Final Application Period were required for the proper representation of the Trustee in this bankruptcy case.

24. The compensation sought by F&S in this Final Application is for ordinary and necessary services rendered to the Debtor, and the fees sought are reasonable.

25. Based on the amounts recovered on behalf of the estate and the fact that all creditors have received 100% of the allowed amount of their claims pursuant to the settlement agreement in this case, F&S submits that the fees sought in this Final Application are fair and reasonable.

26. F&S prepared this Final Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Final Application. *In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987). However, because the fees sought by F&S are on a contingent-fee basis, F&S is not seeking additional compensation for the preparation of this Final Application.

27. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Debtor and its estate. All services performed by

F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

28. F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## NOTICE

29. The Trustee has served a copy of the Notice of this Final Application to all parties registered with CM/ECF in this case, the Office of the United States Trustee, and Debtor's counsel. Additionally, the Trustee has served notice of hearing on this Final Application by first class U.S. mail on all creditors.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an order:

(a) Granting the relief requested in this Final Application;

(b) finding that the Notice of the Hearing on this Final Application was sufficient;

(c) Allowing F&S's fees in the amount of $30,000.00 for the contingency-fee based legal services to the Trustee between July 11, 2012 and April 15, 2015;

(d) Allowing F&S's out of pocket expenses in the amount of $96.67, incurred in connection with the contingency-fee based legal services rendered to the Trustee between July 11, 2012 and April 15, 2015, as actual, necessary expenses;

(e) Granting final approval to all compensation previously awarded to F&S in the amount of $270,000.00 in attorney's fees and reimbursement of actual and necessary expenses in the amount of $65.65;

(f) Authorizing and directing the Trustee to pay to F&S: (i) $30,000.00 as compensation for the contingency-fee based legal services rendered to the Trustee between July 11, 2012 through April 15, 2015; and (ii) $96.67 as

    reimbursement of actual, necessary expenses incurred between July 11, 2012 through April 15, 2015; and

 (g) Granting such other relief as this Court deems necessary or appropriate.

| | |
|---|---|
| Dated:  July 16, 2015 | **FIGLIULO & SILVERMAN, P.C.** |
| | By: /s/ Michael K. Desmond |
| | Peter A. Silverman (IL # 6196081)<br>Michael K. Desmond (IL #6208809)<br>William G. Cross (IL #6299574)<br>FIGLIULO & SILVERMAN, P.C.<br>Ten South LaSalle Street, Suite 3600<br>Chicago, Illinois 60603<br>(312) 251-4600 |
| | *Special Counsel for Eugene Crane, Chapter 7 Trustee for the Estate of Care Centers, Inc.* |