UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                )
                                      )
                                      )    Case No. 09 B 37217
CARE CENTERS, INC.,                   )
                                      )
                                      )
                                      )    Chapter 7
       Debtor.                        )
                                      )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF CRANE, HEYMAN, SIMON, WELCH & CLAR, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $57,222.00 | TOTAL COSTS REQUESTED: | $1,013.37 |
| TOTAL FEES REDUCED: | $2,924.50 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $54,297.50 | TOTAL COSTS ALLOWED: | $1,013.37 |

**TOTAL FEES AND COSTS ALLOWED: $55,310.87**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(1)    Improper Allocation of Professional Resources**

The Court denies the allowance in part of compensation for the following task since a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone*

*Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(4)    Insufficient Description**

The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

**(5)    Duplication of Services**

The Court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Reduction in fees is warranted if multiple attorneys from the same firm appear in court on a motion or argument or for a conference, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary."). It is also an accepted principle that generally no more than one attorney may bill for time spent in an intra-office conference or meeting absent an adequate explanation. *See In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991); *In re Pettibone*, 74 B.R. at 303.

Dated: August 18, 2015

Eugene R. Wedoff
United States Bankruptcy Judge

|          | Review of letter from David Meschan and voluminous documents attached to letter. | AGS | 1.70 |
| -------- | ---- | --- | ---- |
| 12/18/09 | Review of David Lee Citation transcript | AGS | 1.50 |
|          | Preparation of Motion to set 2004 Examination ① | EC | 1.00 −75.00 |
| 12/21/09 | Review of bank records supplied by Debtor | AGS | 2.40 |
|          | Reviewed and revised Motion for 2004 Exams ② | AGS | 0.80 −99.00 |
|          | Telephone conference with Levin and Pecanti, attorneys re: 341 meeting proceedings | EC | 0.20 |
| 12/23/09 | Preparation for Court re: motions to modify stay | JCD | 0.30 |
|          | Court appearance re: motions to modify stay | JCD | 0.70 |
| 01/12/10 | Telephone conference with Tim Casey (represents a creditor with Indiana law suit). Discussed possible assets. | EC | 0.30 |
|          | Court appearance re: Motion to set 2004 Examination | EC | 0.70 |
| 02/08/10 | Telephone conference with Searny Co. regarding legal title to copier | EC | 0.40 |
| 03/01/10 | E-mail from David Lee, attorney, re: questions to propound at 341 meeting. | EC | 0.40 |
| 03/05/10 | Preparation of Notice Motion and Order to Employ Accountants | EC | 0.50 |
| 03/16/10 | Court appearence on Motion of Trustee to Employ Accountant - Lois West and Popowcer Katten, in front of Judge Wedoff | EC | 0.80 |
| 04/07/10 | Email from Steve Chaiken, attorney for Debtor for continued 341 meeting of David Aronin, manager of Debtor, limits of exam | EC | 0.20 |
| 04/15/10 | Strategy conference with E. Crane re: preparation for continued Section 341 meeting of creditors | AGS | 1.20 |
|          | Review of documents provided by subpoena recipients in preparation for Section 341 meeting of creditors | AGS | 2.20 |

−174.00

| DATE | COMMENT | ATTY | HOURS |
|---|---|---|---|
| 12/04/09 | Telephone conference with Chad Gettleman, attorney for debtor, re: explanation of transfer of all assets of Debtor to Extended Care | EC | 0.40 |
| 12/17/09 | Research re: potential causes of action (4) | AGS | 1.80  -891.00 |
| 12/18/09 | Strategy conference with Eugene Crane re: possible fraudulent conveyances and other causes of action. | AGS | 0.80 |
|  | Strategy conference with Art Simon re: possible fraudulent conveyances and other causes of action | EC | 0.80 |
| 12/28/09 | Preparation of letter to Debtor's attorney requesting documents concerning transfer of assets from Care Centers to Extended Care LLC | EC | 0.50 |
| 01/05/10 | Telephone conference with Charlie Stahl, attorney representing Extended Care, re: mail and 341 meeting. | EC | 0.20 |
| 01/18/10 | Preparation of request for production of documents | AGS | 1.50 -112.50 |
|  | Strategy conference with E. Crane re: discovery and request for production of documents | AGS | 1.00 |
|  | Strategy conference with Art Simon re: discovery and request for production of documents. (5) | EC | 1.00  -495.00 |
| 01/20/10 | Reviewed letter from attorney Joe Kincaid, representing Extended Care, responding to subpoena. | EC | 0.30 |
| 01/22/10 | Research re: subpoena issue | AGS | 0.40 |
| 02/08/10 | Review and revision of subpoenas and Requests for Production of Documents | AGS | 0.80 |
| 03/09/10 | Review of mail with Trustee and attorneys for Care Centers and Extended Care | DK | 0.50 |
| 03/30/10 | Receipt and review of Eric Rothner's response to Trustee's Request for Production of Documents | EC | 0.20 |
| 04/12/10 | Reviewed documents received pursuant to numerous subpoenas | AGS | 2.70 |

-1498.50

| Date | Description | Atty | Hours |
|---|---|---|---|
| 06/28/10 | Conference call with Art Simon and Pete Silverman re: trial strategy. | EC | 0.50 |
| 07/15/10 | Telephone conference with and e-mail to P. Silverman re: settlement conference | AGS | 0.10 |
| 07/21/10 | Strategy conference with E. Crane and Pete Silverman prior to settlement conference | AGS | 0.30 |
| | Strategy conference with E. Crane and P. Silverman after settlement conference | AGS | 1.40 |
| | Strategy conference with Art Simon and Pete Silverman prior to settlement conference (5) | EC | 0.30 |
| | Strategy conference with Art Simon and Pete Silverman after settlement conference (5) | EC | 1.40 |
| | Settlement conference with Pete Silverman and Joe Kincaid of Extended Care LLC | EC | 2.00 |
| 08/09/10 | Meeting with attorney Steve Chaiken and CFO of Debtor to review 4 boxes of mail redirected to Trustee; Extended Care counsel J. Kincaid also present to accept Extended Care mail and to determine what is property of the Debtor | EC | 3.10 |
| 09/21/10 | Telephone conference with P. Silverman re: retainer letter | AGS | 0.10 |
| | Prepared affidavit of P. Silverman in support of motion to employ special counsel | AGS | 0.20 |
| 09/28/10 | Preparation of Motion Notice and Order to employ special counsel | EC | 0.70 |
| 10/05/10 | Review and revision of motion to employ special counsel and order re: same | AGS | 0.40 |
| 10/12/10 | Motion to retain Peter Silverman as special counsel; heard in front of Judge Wedoff | EC | 0.40 |
| 02/25/11 | Telephone conference with P. Silverman regarding draft complaint and strategy with respect to negotiating settlement | AGS | 0.20 |
| | Strategy conference with E. Crane regarding draft complaint | AGS | 0.20 |

*handwritten annotations: -$41.50*

| Date | Description | Atty | Hours | |
|---|---|---|---|---|
| | Strategy conference with Art Simon regarding draft complaint (5) | EC | 0.20 | -99.00 |
| 02/28/11 | Review of draft complaint prepared by P. Silverman | AGS | 0.40 | |
| 03/01/11 | Telephone conference with M. Desmond and E. Crane regarding adversary complaint strategy | AGS | 0.20 | |
| | Teleconference with Art Simon and Mike Desmond regarding adversary complaint strategy (5) | EC | 0.20 | -99.00 |
| 03/16/11 | Telephone conference with M. Desmond regarding settlement conference with defendants | AGS | 0.10 | |
| 03/17/11 | Telephone conference with Joe Kincaid - all tort claims resolved | EC | 0.20 | |
| | Conference with Pete Silverman re: strategy about claims and liability of Eric Rothner | EC | 0.20 | |
| 04/18/11 | Conference with Peter Silverman re: P.I. claims; offer and settlement with Rothner. | EC | 0.50 | |
| 05/19/11 | Telephone conference with P. Silverman re: settlement strategy and status of settlement negotiations | AGS | 0.30 | |
| 05/24/11 | Conference w/Pete Silverman re: agreement and settlement with Eric Rothner | EC | 0.80 | |
| 06/06/11 | Teleconference with Mike Desmond, special counsel, re: tolling agreement | EC | 0.20 | |
| 06/23/11 | Receipt and review of proposed motion for authority to enter into tolling agreement to be filed by special counsel on Trustee's behalf | EC | 1.00 | |
| 06/27/11 | Review tolling agreement drafted by special counsel | EC | 0.50 | |
| 07/06/11 | Teleconference with Mike Desmond re: hearing on tolling agreement | EC | 0.20 | |
| 07/26/11 | Review agreement to settle claim vs. Rothner and Extended Care LLC | EC | 0.90 | |
| 07/27/11 | Received and analyzed settlement letter to Rothner attorneys re: Trustee claim vs. Rothner and Extended Care LLC | EC | 0.60 | |

-198.00

| Date | Description | Atty | Hours |
|---|---|---|---|
| 07/26/12 | Teleconference with Mike Desmond, Art Simon and D. Kobrynski regarding disbursements to claimants | EC | 0.50 |
| 07/27/12 | Teleconference w/Mike Desmond re: final payments and disposition of all claims | EC | 0.70 |
| 07/30/12 | Received and analyzed memo of law and motion to strike Eric Rothner's objection to claim no. 34-1; filed by National Utility Review, LLC since objection had been filed late | EC | 2.80 |
| 08/14/12 | Teleconference with Mike Desmond, re: hearing on claim objection filed by National Utility | EC | 0.30 |
| 09/28/12 | Strategy conference with E. Crane, M. Desmond, and Pete Silverman re: objections to claims | AGS | 1.50 |
|  | Conference with Peter Silverman, Mike Desmond and Art Simon re: objection to claims vis a vis Rothner and settlement guarantee | EC | 1.50 |
| 10/02/12 | Received and analyzed response of National Utility review LLC to Eric Rothner objection to proof of claim filed by National Utility with transcript of hearing | EC | 1.40 |
| 10/03/12 | Hearing re: Motion of Eric Rothner to file objection to claim of National Utility, response of all parties stated. Judge Wedoff | EC | 0.90 |
| 10/24/12 | Copy of response to Judge Wedoff's request re: late objection to claim conference w/Mike Desmond counsel ④ | EC | 0.40 −198.00 |
| 11/06/12 | Conference with Tim Casey and Mike Desmond re: motion to allow claims hearing | EC | 0.30 |
| 11/20/12 | Conference with Tim Casey and Mike Desmond re: payment of claims and funding shortfall | EC | 0.40 |
| 11/21/12 | Review costs and schedule of fees; call Mike Desmond re: funds needed to pay all claims and admin expenses, research possible objection to claims | EC | 0.60 |
| 12/05/12 | Call Mike Desmond, atty for estate, re: Rothner's deposit in re claim payment for claim no. 21 | EC | 0.40 |
| 01/02/13 | Teleconference with Mike Desmond re: claims | EC | 0.20 |

−198.00

| Date | Description | Initials | Hours |
|---|---|---|---|
| 02/07/13 | Teleconference with Tim Casey and Mike Desmond re: payment on Select Medical Claim | EC | 0.50 |
| 05/20/14 | Hearing re: motion of creditor to proceed vs. insurance carrier | EC | 0.40 |
| 06/03/14 | Phone conference with Mike Desmond, Trustee and D. Kobrynski re: claims | AGS | 0.10 |
| | Phone conference with Mike Desmond, Trustee and Arthur Simon regarding claims ⑤ | DK | 0.10  −14.50 |
| 06/04/14 | Review claims and status of withdrawn claims | DK | 1.00 |
| 06/05/14 | Call to special counsel regarding withdrawal of remaining claims and settlement of secured claim | DK | 0.10 |
| 07/02/14 | Call from Michael Desmond regarding settlement of 8 million dollar claim filed by Jerry Crotty's client | AGS | 0.20 |
| 07/15/14 | Teleconference with Mike Desmond re: hearing on motion to allow Schmidt claim | EC | 0.20 |
| 07/21/14 | Received and reviewed Order approving stipulation re: claim of Carol Schmidt and Julie Allen (Claim No. 33-1) Claim allowed for $2,000,000. Jerry Crotty, attorney for claimant | EC | 0.70 |
| 07/23/14 | Conference with Mike Desmond re: payment on Schmidt claim, settlement agreement and closing of the estate | EC | 0.50 |
| 07/24/14 | Teleconference with Mike Desmond re: payment of Schmidt claim | EC | 0.20 |
| 10/21/14 | Review summary emailed from Mike Desmond, double check claims paid so far and fees incurred by CHSW&C etc. | DK | 0.70 |
| 12/18/14 | Review claims withdrawn vs. claims register | DK | 0.50 |
| Total: | | | 25.60 |

−14.50